UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BEVERLY BROWN, *et al.*,

                              Plaintiffs,

                v.                                                8:23-CV-477
                                                                       (GTS/DJS)

COMMUNITY PRESERVATION
PARTNERS, LLC, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

CNY FAIR HOUSING, INC.                   CONOR J. KIRCHNER, ESQ.
Attorney for Plaintiffs
731 James Street, Suite 200
Syracuse, New York 13203

BARCLAY DAMON LLP                        SCOTT P. ROGOFF, ESQ.
Attorney for Defendants
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

     Mary Gladys Orlyk was among the Plaintiffs that commenced this Fair Housing Act case in 2017. Dkt. No. 1, Compl. In February 2024, Ms. Orlyk passed away. Dkt. No. 15-1 at pp. 1 & 5. Plaintiffs' counsel now moves to substitute parties under Federal Rule of Civil Procedure 25. Dkt. No. 15, Motion. The Motion seeks to substitute Ms. Orlyk's only child and sole beneficiary of her estate, Brighid McCarthy, as a Plaintiff. *Id.*

at p. 3; Dkt. No. 15-1 at p. 2; Dkt. No. 15-2 at p. 7.  The Motion remains unopposed. Motion at p. 4.

Federal Rule of Civil Procedure 25(a)(1) reads:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Claims brought under the Fair Housing Act and New York State Human Rights Law are not extinguished upon a party's death. *Saint-Jean v. Emigrant Mortg. Co.*, 2022 WL 843836, at *2-3 (E.D.N.Y. Mar. 22, 2022).  Moreover, a successor of the decedent is a proper substitute for the deceased party.  *See, e.g.*, *Graham v. Henderson*, 224 F.R.D. 59, 63-64 (N.D.N.Y. 2004).  A "successor" is characterized as "a distributee of [the] estate if the estate of the deceased has been distributed at the time the motion for substitution has been made."  *United States v. Walker*, 2016 WL 7409688, at *2 (N.D.N.Y. Sept. 26, 2016).

Here, Plaintiffs' action is brought under the Fair Housing Act and New York State Human Rights Law, and so the claims do not abate on Ms. Orlyk's death.  *See generally* Compl.  Likewise, the record establishes that Brighid McCarthy, Ms. Orlyk's daughter, is the sole beneficiary of Ms. Orlyk's estate.  Dkt. No. 15-1 at pp. 1-2; Dkt. No. 15-2 at pp. 1-2, 7.  The record further establishes that Ms. Orlyk's estate was distributed to Ms. McCarthy before the filing of the present Motion.  Dkt. No. 15-1 at p. 2; Dkt. No. 15-2 at p. 2.

Because Ms. McCarthy is a proper substitute for Ms. Orlyk and no basis for denying substitution has been raised by Defendants, the Court grants the Motion.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motion to Substitute a Party (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Brighid McCarthy, successor of Mary Gladys Orlyk, be substituted as a Plaintiff in this action and that the Clerk of the Court correct the Docket to reflect this substitution; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated: April 22, 2024
      Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge