UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BEVERLY BROWN, *et al.*,

                              Plaintiffs,
                                                                                        8:23-CV-477

    v.                                                                                          (GTS/DJS)

COMMUNITY PRESERVATION
PARTNERS, LLC, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

CNY FAIR HOUSING, INC.              CONOR J. KIRCHNER, ESQ.
Attorney for Plaintiffs
731 James Street, Suite 200
Syracuse, New York 13203

BARCLAY DAMON LLP                SCOTT P. ROGOFF, ESQ.
Attorney for Defendants
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Beverly Brown was among the Plaintiffs that commenced this Fair Housing Act case in 2017. Dkt. No. 1, Compl. On April 3, 2024, Ms. Brown passed away. Dkt. No. 19 at pp. 2 & 6. Plaintiffs' counsel now moves to substitute parties under Federal Rule of Civil Procedure 25. Dkt. No. 19, Motion. The Motion seeks to substitute Ms. Brown's

sister and administrator of her estate, Roslyn Brown, as a Plaintiff. *Id.* at p. 2. The Motion is unopposed.

Federal Rule of Civil Procedure 25(a)(1) reads:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Claims brought under the Fair Housing Act and New York State Human Rights Law are not extinguished upon a party's death. *Saint-Jean v. Emigrant Mortg. Co.*, 2022 WL 843836, at *2-3 (E.D.N.Y. Mar. 22, 2022). It is also well-settled that the administrator of a decedent's estate is a proper substitute for the decedent. *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) ("[T]here is no question that as Executor of the decedent's estate, he is a proper party for substitution."); *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) ("A 'representative' of the deceased party's estate is a proper party for substitution.").

Here, Plaintiffs' action is brought under the Fair Housing Act and New York State Human Rights Law, and so the claims do not abate upon Ms. Brown's death. *See generally* Compl. Likewise, the record establishes that Roslyn Brown, the decedent's sister, is the administrator of Ms. Brown's estate. Motion at pp. 2 & 8. The record further establishes that Roslyn Brown became the administrator of the decedent's estate twelve days before the filing of the present Motion. Motion at pp. 3 & 8.

Because Roslyn Brown is a proper substitute for Beverly Brown and no basis for denying substitution has been raised by Defendants, the Court grants the Motion.

- 3 -

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motion to Substitute a Party (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED**, that Roslyn Brown, administrator of Beverly Brown's estate, be substituted as a Plaintiff in this action and that the Clerk of the Court correct the Docket to reflect this substitution; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated: October 9, 2024
       Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge